# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| PABLO CORONA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., EQUIFAX ) | |
| INFORMATION SERVICES, LLC, ) | |
| TRANS UNION,  LLC; PRA ) | |
| RECEIVABLES MANAGEMENT, LLC  ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Pablo Corona, by and through undersigned counsel, and for his complaint against these Defendants states as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.* and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692, *et seq.*

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p, and 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b).

## STATEMENT OF THE PARTIES

1. Plaintiff, Pablo Corona, is over the age of nineteen (19) years and is a resident of the city of Fort Payne in DeKalb County, Alabama.

2. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant **PORTFOLIO RECOVERY ASSOCIATES, LLC**, (hereinafter referred to as "PRA") is a Limited Liability Company formed in the State of Delaware that is authorized to do business in this judicial district. Plaintiff asserts that Defendant PRA is a debt collector as defined by the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. §1692(a)(6).

4. As part of its business, PRA furnishes consumer credit information to credit reporting agencies such as Defendants Experian Information Solutions, Inc., Equifax Information Services, LLC and Trans Union, LLC.

5. Defendant **EXPERIAN INFORMATION SOLUTIONS, INC**. (hereinafter "Experian") is an Ohio corporation with its principal place of business in California. Experian does and has, at all pertinent times, done business in this district.

6. Experian is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

7. Defendant **EQUIFAX INFORMATION SERVICES, LLC** (hereinafter "Equifax") is a Georgia Corporation with a principal place of business in the State of Georgia. Equifax does and has, at all pertinent times, done business in this district.

8. Equifax is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

9. Defendant **TRANS UNION, LLC** (hereinafter "Trans Union") is a Delaware Corporation that has a principal place of business in Illinois. Trans Union does and has at all pertinent times done business in this Judicial District.

10. Trans Union is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

11. Defendant **PRA RECEIVABLES MANAGEMENT, LLC** ("PRA

Receivables) is a limited liability company organized under the laws of the State of Virginia that is authorized to do business in this judicial district. Plaintiff asserts that Defendant PRA Receivables is a debt collector as defined by the FDCPA at 15 U.S.C. §1692(a)(6).

12. Upon information and belief, Defendants Experian, Equifax and Trans Union are regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

13. Upon information and belief Experian, Equifax and Trans Union disburse consumer reports to third parties for monetary compensation.

14. Upon information and belief, Defendant PRA Receivables services and collects consumer debts owned by Defendant PRA.

15. All events herein occurred in this judicial district.

## STATEMENT OF FACTS

16. At some time prior to the events made the basis of this lawsuit, Plaintiff opened up two separate credit card accounts with GE Capital Retail Bank, an entity not a party to this lawsuit. One account with GE Capital Retail Bank was for a Wal-Mart credit card ("Wal-Mart

account") and the other was for a Sam's Club credit card ("Sam's Club account").

17. Plaintiff became delinquent on both the Wal-Mart account and the Sam's Club account.

### *THE WAL-MART ACCOUNT*

18. On July 18, 2012, Plaintiff paid off the Wal-Mart account with a check from a company called One Main Financial. The payoff amount was $443.00. That check was electronically converted or otherwise negotiated on July 19, 2012.

19. Despite paying this account off in full, Plaintiff received another statement on the Wal-Mart account that indicated $45.74 was owed on the account. Plaintiff, paid $45.74 on September 5, 2012 to once again, payoff the Wal-Mart account.

20. Despite paying the Wal-Mart account off, the account was charged off by GE Capital Retail Bank on or about January 15, 2013. The charge off balance was $589.16.

21. After the Wal-Mart account was charged off and paid off it was allegedly purchased by Defendant PRA.

22. PRA then attempted to collect the alleged charged off balance on the

Wal-Mart account from the Plaintiff.

## THE SAM'S CLUB ACCOUNT

23. On July 18, 2012, Plaintiff paid off the Sam's Club account with a check from a company called One Main Financial. The payoff amount was $264.00. That check was electronically converted or otherwise negotiated on July 19, 2012.

24. Despite paying this account off in full, Plaintiff received a noticfe that there he owed a $40.00 late fee on the Sam's Club account. On September 5, 2012, Plaintiff paid the $40.00 late fee to make sure that the Sam's Club account was paid off in full.

25. Despite paying the Sam's Club account off, the account was charged off by GE Capital Retail Bank on or about January 15, 2013. The charge off balance was $403.24.

26. After the Sam's Club account was charged off and paid off it was allegedly purchased by Defendant PRA.

27. PRA then attempted to collect the alleged charged off balance on the Sam's Club account from the Plaintiff.

## PLAINTIFF'S DISPUTE LETTERS

28. Defendant PRA or PRA Receivables was reporting inaccurate

information regarding both the Wal-Mart account and the Sam's Club account to all three Defendant credit reporting agencies, Equifax, Experian and Trans Union.

29. On October 26, 2018, Plaintiff disputed the inaccurate information being reported by PRA or PRA Receivables with all three Defendant credit reporting agencies and asked all three credit reporting agencies to conduct a reinvestigation of the inaccurate information being reported. Included with his dispute letters were copies of the checks negotiated by GE Capital Retail Bank for both accounts as well as receipts for the additional funds paid by Plaintiff after the accounts were paid in full.

### *RESULTS OF EQUIFAX'S REINVESTIGATION*

30. On November 14, 2018, Equifax sent Plaintiff the results of its reinvestigation.

31. Equifax reported to Plaintiff that it "verified" that the two PRA tradelines Plaintiff disputed regarding the Wal-Mart and Sam's Club accounts were being reported correctly.

### *RESULTS OF EXPERIAN'S REINVESTIGATION*

32. On November 15, 2018, Experian responded to Plaintiff's dispute

letter.

33. Experian's response to Plaintiff was that the information Plaintiff disputed, the alleged debts being reported by PRA or PRA Receivables, was verified as accurate.

### RESULTS OF TRANS UNION'S REINVESTIGATION

34. On or about November 26, 2018, Trans Union responded to Plaintiff's dispute letter.

35. Trans Union's response to Plaintiff was that the information Plaintiff disputed, specifically the Sam's Club account purchased by PRA, was verified as accurate.

36. Despite Plaintiff's dispute and the evidence provided to Defendants Experian, Equifax and Trans Union those Defendants failed to conduct a reasonable reinvestigation as requested by the Plaintiff or to consider the information submitted by Plaintiff with his dispute letters.

37. This inaccurate information negatively reflected on Plaintiff, his financial responsibility as a debtor and his credit worthiness.

38. Additionally, PRA and/or PRA Receivables illegally attempted to collect the alleged Wal-Mart and Sam's Club debts by falsely

reporting to the credit reporting agencies that Plaintiff was indebted to PRA despite the fact that Plaintiff paid the alleged accounts off in full.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANTS EXPERIAN, EQUIFAX AND TRANS UNION

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendants Experian, Equifax and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff.

41. Experian, Equifax and Trans Union violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to PRA; by failing to maintain reasonable

procedures with which to filter and verify disputed information in the Plaintiff's credit file; by verifying disputed information that they have reason to know is inaccurate and by relying upon verification from a source they have reason to know is unreliable.

42. As a result of this wrongful conduct, action and inaction of Experian Equifax and Trans Union, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental anguish and emotional distress, physical pain and anguish, humiliation and embarrassment.

43. Experian, Equifax and Trans Union's respective conduct was willful, rendering them all liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian, Equifax and Trans Union were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

44. The Plaintiff is entitled to recover costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT PRA

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. PRA violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to Experian, Equifax and Trans Union inaccurate information regarding the alleged accounts; by failing to fully and properly investigate the Plaintiff's disputes of the inaccurate PRA representation; by failing to review or consider all relevant information regarding same; by failing to accurately respond to Equifax, Experian and Trans Union; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the PRA representations to the consumer reporting agencies.

47. After receiving notification from Experian, Equifax and Trans Union about Plaintiff's disputed accounts, PRA did not contact any third parties other than the Defendant credit reporting agencies when

investigating Plaintiff's dispute. Further, PRA verified the Plaintiff's accounts to the Defendant credit reporting agencies in response to the Plaintiff's dispute it received from the Defendant credit reporting agencies.

48. As a result of PRA's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as physical, mental and emotional pain and anguish, humiliation and embarrassment.

49. PRA's conduct, action and inaction constituted willful violations of the FCRA, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n.  In the alternative, PRA negligently violated the FCRA entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

50. The Plaintiff is entitled to recover costs and attorney's fees from PRA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o

## COUNT THREE

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT PRA AND PRA RECEIVABLES

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendant PRA and/or PRA Receivables and their employees and agents constitute violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

53. As a result of Defendant PRA and PRA Receivable's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants PRA and PRA Receivables.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims of the Defendants, jointly and severally, statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary and as is allowed under FDCPA and

FCRA.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

                /s/ *W. Whitney Seals*
                W. WHITNEY SEALS
                Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Pablo Corona
506 2nd Street N.E.
Fort Payne, AL 35967

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**PORTFOLIO RECOVERY ASSOCIATES, LLC**
c/o Corporation Service Company, Inc.
641 South Lawrence St.
Montgomery, AL 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**PRA RECEIVABLES MANAGEMENT, LLC**
c/o Corporation Service Company, Inc.
641 South Lawrence St.
Montgomery, AL 36104

**EQUIFAX INFORMATION SERVICES, LLC**
c/o Corporation Service Company, Inc.
641 South Lawrence St.
Montgomery, AL 36104

**TRANS UNION, LLC**
c/o Prentice Hall Corporation System
641 South Lawrence St.
Montgomery, AL 36104